**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 24-12767 MER |
| DEBORAH DEE STONE | ) | |
| | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |

---

**OBJECTION TO CONFIRMATION OF**
**CHAPTER 13 PLAN**

---

Unison Agreement Corp., Real Estate Equity Exchange, Inc., Odin New Horizon Real Estate Fund LP, and Unison Investment Management Fund, LLC (collectively, "Unison"), by and through undersigned counsel, hereby files this Objection to Confirmation of Chapter 13 Plan ("Objection"). In support of this Objection, Unison states as follows:

1. On May 21, 2024 (the "Petition Date"), Debtor Deborah Dee Stone ("Debtor") filed a voluntary petition in this Court for relief under chapter 13, commencing this bankruptcy case.

2. Prior to the Petition Date, on or around December 19, 2018, the Debtor entered into an option agreement with Unison (the "Option") under which she was immediately paid $35,000. In exchange, the Debtor granted UAC a secured option to purchase an undivided 70% interest in the real property located at 202 Lucca Drive, Evans, Colorado (the "Property") for an additional $105,000 upon the occurrence of an "Exercise Event", as well as additional secured rights and remedies in the event of a default under the operative agreements or the occurrence of other specified events.

3. Consistent with the Option, on or around January 3, 2019, Unison caused the Memorandum of Unison Homeowner Agreement and Unison Homeowner Deed of Trust to be filed and recorded with the Clerk and Record for Weld County, Colorado. *See* Claim No. 16.

4. On July 10, 2024, Unison filed a Proof of Claim in Debtor's bankruptcy case to protect its secured rights and interests in Debtor's residence arising from the Option. *See id.*

5. On August 9, 2024, the Debtor filed the Adversary Proceeding Complaint & Objection to Proof of Claim No. 16, initiating Adversary Proceeding No. 24-01181 MER (the "Adversary Proceeding"). In the Adversary Proceeding, Debtor alleges that the Option is invalid or otherwise unenforceable, asserting six claims arising under state law and two claims arising under the Bankruptcy Code, including a claim seeking to reject the Option under section 365(a) of the Bankruptcy Code and a claim for disallowance of Unison's Proof of Claim.

6. On October 24, 2024, Unison moved to dismiss Debtor's complaint for failure to state a claim. Adv. Pro. Dkt. 14. Debtor filed her response on December 9, 2024 (Adv. Pro. Dkt. 22), and Unison filed a corrected reply on December 23, 2024 (Adv. Pro. Dkt. 26), and thus the motion to dismiss has been fully briefed.

7. On April 10, 2025, the Court directed the parties to submit briefing addressing the appropriateness of permissive abstention (Adv. Pro. Dkt. 27), which the parties filed on May 19, 2025 (Adv. Pro. Dkt. 29, 30). On July 8, 2025, the Court entered its *Order Re: Abstention* (Adv. Pro. Dkt. 31), determining that it would not abstain from hearing and determining the claims in the Adversary Proceeding. The Adversary Proceeding thus remains pending before the Court.

8. On June 26, 2025, the Debtor filed an Amended Chapter 13 Plan (the "Plan"). Bankr. Dkt. 29. The Plan contains the following nonstandard provision:

> Debtor shall place her home on the market and sell her home no later than November 30, 2025. At the closing of the sale of the home, Debtor will pay off in full her first mortgage with Rocket Mortgage from the closing proceeds. After payment in full to Rocket Mortgage, the remaining proceeds from the sale shall be held in the trust account of Colorado Legal Services. Upon closing of the sale of the home, [Unison] and Canvas Credit Union shall release their deeds of trust on the home to effectuate the sale. In consideration for release of their deeds of trust, Debtor agrees that the proceeds from the sale shall be kept in the trust account of Colorado Legal Services until resolution of the claims against Unison Corporation.
>
> At closing, Canvas Credit Union will be paid the amount of arrears that accrued since the filing of this bankruptcy case and are owed to it, and this money will be disbursed to Canvas by the Chapter 13 Trustee.
>
> All proceeds that remain after sale of the home and payment to secured creditors in accordance with resolution of the claims against Unison Corporation shall be the property of the debtor up to the homestead exemption amount of $350,000.

Plan, at Part 12.

9. Unison objects to the payment of any funds to Canvas Credit Union at closing as proposed by the Plan. As shown in the Proof of Claim filed by Canvas Credit Union, any secured interests of Canvas Credit Union in the Property are junior to the secured interests of Unison. *See* Proof of Claim No. 4 filed by Canvas Credit Union with attached Deed of Trust dated April 12, 2022. As such, and insofar as Unison did not previously approve the Debtor's grant of a junior secured interest in the Property to Canvas Credit Union, Unison objects to the payment of funds to Canvas Credit Union on account of its junior interest in the Property unless Unison's senior secured claim is paid in full.

10. Consistent with the Court's comments at the July 15, 2025 status conference, after payment in full of the senior secured claim of Rocket Mortgage, LLC fka Quicken Loans, LLC,

all proceeds from the sale of the Property must be held in trust pending a final determination of Unison's interest in the Property, and the Plan should be amended accordingly.

WHEREFORE, Unison requests that the Court enter an order denying confirmation of Debtor's Plan unless the Plan is modified to adequately address Unison's objection and the Court's comments, and for such other relief as this Court deems just and proper.

Dated: July 25, 2025.

MARKUS WILLIAMS YOUNG & HUNSICKER LLC

By: */s/ Lacey S. Bryan*

Lacey S. Bryan, #51908
1775 Sherman Street, Suite 1950
Denver, CO 80203
Phone: 303-830-0800
E-mail: lbryan@markuswilliams.com

*Counsel for Unison Agreement Corp., Real Estate Equity Exchange, Inc., Odin New Horizon Real Estate Fund LP, and Unison Investment Management Fund, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of July, 2025, a true and correct copy of the forgoing was electronically filed and served on all parties against whom relief is sought and those otherwise entitled to service pursuant to the Fed. R. Bankr. P. and the L.B.R. as indicated below:

**Via CM/ECF**

Adam M Goodman
mail@ch13colorado.com; trusteeCOB1Z@ecf.epiqsystems.com

Alex Witteveld
awitteveld@colegalserv.org

Heather Deere
bankruptcyco@hwmlawfirm.com

Ilene Dell'Acqua
bknotice@mccarthyholthus.com; idellacqua@ecf.courtdrive.com;
idellacqua@mccarthyholthus.com

Jennifer Spieler Wagner
jwagner@nclc.org; odiamond@nclc.org

Jeremy Creelan
jcreelan@jenner.com; SPurtill@jenner.com; KMorrison@jenner.com

Shennan Kavanagh
skavanagh@nclc.org

US Trustee
USTPRegion19.DV.ECF@usdoj.gov

**Via First Class USPS**

Deborah Dee Stone
202 Lucca Drive
Evans, CO 80620

*s/ Jeannie Tesar*
Jeannie Tesar, Legal Assistant
For Markus Williams Young & Hunsicker LLC